UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID MARK WILSON,

     Plaintiff,

     v.

CONNOR HARRISON,
ASSISTANT DISTRICT
ATTORNEY, et al.,

     Defendants.

CIVIL ACTION NO. 3:26-CV-00057

(LATELLA, M.J.)

## <u>MEMORANDUM</u>

Plaintiff, a *pro se* litigant, initiated the above-captioned action on January 13, 2026.  (Doc. 1).  Plaintiff paid the required filing fee on February 3, 2026.  (Doc. 5).  Accordingly, the Clerk's Office sent Plaintiff a summons packet for service.  (Doc. 6).  Two of the five Defendants filed waivers of service.  (Docs. 8, 9).  Plaintiff has attempted unsuccessfully to serve the remaining Defendants and now requests that the Court order the U.S. Marshals Service to serve the Complaint.  (Docs. 13 and 14).  For the reasons set forth herein, we will grant Plaintiff's Motion.

## <u>PROCEDURAL HISTORY</u>

Plaintiff filed a Complaint on January 13, 2026 against Defendants Assistant District Attorney Connor Harrison ("ADA Harrison"), Judge Michael Barrasse ("Judge Barrasse"), Bernard

Brown, Esquire, ("Atty. Brown"), Judge James Gibbons ("Judge Gibbons"), and District Attorney Brian Gallagher ("DA Gallagher"). (Doc. 1). The Clerk of Courts issued an Administrative Order on January 14, 2026 directing Plaintiff to pay the filing fee or submit an application to proceed *in forma pauperis* within 30 days. (Doc. 4). Plaintiff paid the filing fee on February 4, 2026. (Doc. 5). The Clerk's Office then issued a summons packet to Plaintiff on February 4, 2026. (Doc. 6). Judge Barrasse and Judge Gibbons filed waivers of service to the docket on February 18, 2026. (Docs. 8, 9). Plaintiff filed a Motion to Appoint Counsel on February 25, 2026. (Doc. 11). He filed a Motion for Service by the US Marshals Service and supporting brief on March 9, 2026, which we consider now. (Docs. 13, 14).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(c)(3), "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The court is only required to order such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §

2

1915 or as a seaman under 28 U.S.C. § 1916," in all other circumstances, the decision rests within the discretion of the court. *Bax v. Exec. Off. Of U.S. Atty's*, 216 F.R.D. 4, 4 (D.D.C. 2003) (citing Fed. R. Civ. P. 4(c)(3)); *see also Dooley v. Wetzel*, No. 3:18-cv-01310, 2021 WL 12143096 (M.D. Pa. Apr. 6, 2021).

In exercising its discretion, "courts have been mindful that Congress amended Rule 4 primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions." *Jenkins-Gaylord v. Biden*, No. 2:24-CV-00017-BO, 2024 WL 3404966, *1 (E.D.N.C. July 12, 2024) (quoting *Bax*, 216 F.R.D. at 4). Accordingly, plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." *Cummings v. Keefer*, No. 3:22-cv-00301, 2022 WL 19403848, at *1 (M.D. Tenn. Sept. 30, 2022) (quoting Fed. R. Civ. P. 4(c) advisory committee's note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983)). In addition, the Rule 4(c)(3) application "must provide a factual basis for why a court order is necessary to accomplish service." *Hollywood v. Carrows Cal. Fam. Rests.*, No. CV 18-2098, 2018 WL

3

7461690, at *1 (C.D. Cal. Apr. 26, 2018) (citation and internal quotations omitted).

Here, Plaintiff has demonstrated a good faith attempt at serving Defendants.  (Doc. 13 at 1).  Plaintiff provides the U.S.P.S. tracking numbers for the three defendants who did not file a waiver of service. (*Id*.).  A query of the tracking number for DA Gallagher indicates that the parcel was "picked up at the post office at 10:39 am on February 12, 2026 in SCRANTON, PA 18501."  (*See* USPS Tracking, tools.usps.com/go/TrackAction, enter 9505513236576040382433, select "track").  Similarly, a query of the tracking number for ADA Harrison indicates that the parcel was "delivered to an individual at the address at 12:43 pm on January 27, 2026 in SCRANTON, PA  18503."  (*See* USPS Tracking, tools.usps.com/go/TrackAction, enter 9505513236586022951458, select "track").  Finally, a query of the tracking number for Atty. Brown, Esquire indicates that tracking is not available.  (*See* USPS Tracking, tools.usps.com/go/TrackAction, enter 0505 573236586022951434, select "track").  Further, Plaintiff indicates that he is currently in the restrictive housing unit without access to the

4

institutional library until March 31, 2026.  (Doc. 14 at 1).  He also notes that he does not have resources outside of the prison to assist him in effectuating service, stating that his mother has stage four cancer. (*Id.*).

Based upon those representations, we find that it is an appropriate exercise of our discretion to order that service be made by a "United States marshal or . . . by a person specially appointed by the court."  Fed. R. Civ. P. 4(c)(3).  This case is distinguishable from the line of cases where motions for service by a United States marshal were denied based upon the plaintiff's failure to articulate the need for such service or to first make attempts at service without use of the United States Marshal.  *See, e.g., Hollywood v. Carrows Cal. Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1–2 (C.D. Cal. Apr. 26, 2018) (denying motion under Rule 4(c)(3) because the "bare requests do not indicate what steps plaintiff ... has taken to effect service of process before seeking the assistance of the U.S. Marshal's Service, nor do they explain why such assistance is warranted"); *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4–5, (D.D.C. 2003)

5

(denying motion under Rule 4(c)(3) because "the plaintiff, who is not proceeding *in forma pauperis* or as a seaman, has not attempted service by other means, such as service by registered or certified mail under Rule 4(i)"); *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("[B]efore this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service."); *Raiser v. United States Dist. Ct. for S. Dist. of California*, No. 20-CV-1490 TWR (AGS), 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (denying motion where plaintiff did not first attempt to serve defendants through other means). Here, as described *supra*, Plaintiff made efforts to serve Defendants. We will therefore grant his motion, and specially appoint the Clerk of Court to mail a notice and request for waiver to Defendants.  *See Dooley v. Wetzel*, 2021 WL 12143096, at *2.  If signed waivers of service are not timely returned, a subsequent order shall be issued directing service by the United States Marshal Service.

6

## <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's Motion for Service by the United States Marshal is granted.  An appropriate order follows.

BY THE COURT:

Date: March 16, 2026                    **/s/ Leo A. Latella**
                                        LEO A. LATELLA
                                        United States Magistrate Judge

7