## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DAVID MARK WILSON,

              Plaintiff,          CIVIL NO. 3:26-cv-00057

    v.

CONNOR HARRISON, Assistant    (LATELLA, M.J.)
District Attorney, et al.,

              Defendants.

## <u>MEMORANDUM</u>

Pro se Plaintiff Mark David Wilson has filed a motion requesting that the Court appoint counsel.  (Doc. 19).  Because Plaintiff indicates in that request that he has been deemed incompetent, we must satisfy our duty of inquiry pursuant to Fed. R. Civ. P. 17.  Accordingly, as set forth herein, we will direct Plaintiff to submit additional documentation for *in camera review.*

## I.    PROCEDURAL HISTORY

Plaintiff initiated this matter by filing a Complaint on January 13, 2026.  (Doc. 1).  After the Clerk of Court issued an administrative order directing him to either pay the filing fee or submit an application to

1

proceed *in forma pauperis*, Plaintiff paid the filing fee on February 3, 2026.  (Docs. 4, 5).  Two of the five Defendants, Judge James Gibbons and Judge Michael Barrasse, filed waivers of service on February 18, 2026.  (Docs. 8, 9).  On March 9, 2026, Plaintiff filed a Motion for Service by the U.S. Marshals Service to effectuate service on the remaining three Defendants, which we granted, in part, on March 16, 2026.  (Docs. 13, 16).

On March 19, 2026, Judge Gibbons and Judge Barrasse filed a Motion to Dismiss Plaintiff's Complaint.  (Doc. 18).  Plaintiff filed a Motion for Extension of Service of Process on March 23, 2026.  (Doc. 21).

Plaintiff also filed a Motion to Appoint Counsel on February 25, 2026.  (Doc. 11).  He then filed a second Motion to Appoint Counsel on March 23, 2026.  (Doc. 19).  We deem his initial Motion to Appoint Counsel withdrawn.  Because Plaintiff asserts in his Second Motion to Appoint Counsel that he has been deemed incompetent, we must satisfy our obligations pursuant to Fed. R. Civ. P. 17(c).

## II.   LEGAL STANDARD

Rule 17(c)(2) provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next

friend or by a guardian ad litem.  The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  While Rule 17(c)(2) imposes a mandatory obligation upon the courts, there is "no suggestion which factors should trigger the court's duty of inquiry as to whether the individual at issue is competent." *Powell v. Symons*, 680 F.3d 301, 303 (3d Cir. 2012).  Accordingly, "responsibility for Rule 17 appears generally to be left to the discretion of the district courts."  *Id.*

The Third Circuit has provided some guidance, instructing that "a district court need not inquire *sua sponte* into a pro se plaintiff's mental competence based upon a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity."  *Id.* at 307.  Rather, the duty of inquiry involves a determination of whether there is "verifiable evidence of incompetence."  *Id.*  For instance, the Third Circuit clarified that a district court would abuse its discretion if it failed to consider whether Rule 17(c) applied "[i]f a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the

court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Id*. (quoting *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 201 (2d Cir. 2003)). A district court "must satisfy its duty of inquiry before it proceeds to determine if Rule 17 applies." *Id*.

## III.   DISCUSSION

In his second Motion to Appoint Counsel, Plaintiff alleges that "[t]he Plaintiff has been allegedly diagnosed as of 12/20/24 wherein the [] endorsed symptoms of paranoid, delusional thought process, & psychosis . . . and deemed incompetent." (Doc. 19 at ¶ 1). He requests that the Court appoint counsel. (*Id*.).

Based upon Plaintiff's claim that he has been deemed incompetent, our duty of inquiry is triggered. (*See* Doc. 19). However, Plaintiff's second Motion to Appoint Counsel does not include "verifiable evidence of incompetence." *See Powell*, 680 F.3d at 307.

Accordingly, we will direct Plaintiff to submit to the Court for *in camera* review (1) any documentation from a public agency or court of record that he has been adjudicated incompetent, or (2) documentation

4

from a medical provider that the type of mental illness he is being treated for renders him legally incompetent.  *Id.*

## IV.    CONCLUSION

Based upon the above, before ruling on Plaintiff's second Motion to Appoint Counsel, we must satisfy our duty of inquiry.  Accordingly, Plaintiff is directed to submit to the Court for *in camera* review the specific type of documentation described *supra.*  An order will follow which will include instructions for Plaintiff as to the submission of documents for *in camera* review.

Dated: March 25, 2026              *s/ Leo A. Latella*
                                   **LEO A. LATELLA**
                                   **United States Magistrate Judge**